## JACK SEAL v. THE STATE.

**Criminal Law — Slander — Plea of Former Conviction.**

> A plea of former conviction to an indictment for slander, which sets out the words charged in the affidavit on which the defendant was convicted in a justice of the peace court that vary materially from the words stated in the indictment, is bad.[1]

Appellant, Jack Seal, was indicted in the Circuit Court of Hancock county for slandering one Adeline Whitfield. He was

---

1

To make out this defense, the prisoner must show not only the record of his former conviction or acquittal, but he must show by evidence *aliunde* the identity of the offense of which he was formerly convicted, or acquitted, with the offense charged in the present indictment. Rocco's Case, 37 Miss. 357.

The rule of the common law, incorporated into the State constitution, which declares that, "No person shall, for the same offense, be twice put in jeopardy of life or limb," is applicable only to cases where there has been an acquittal or conviction under an indictment which is sufficient in law to authorize the court to pronounce judgment. Kohlheimer's Case, 39 Miss. 548.

A slave was indicted for the murder of V. A., and was convicted of manslaughter. The judgment was arrested, because the indictment did · not show whether the deceased was a white man or a negro. The prisoner was afterwards indicted for the manslaughter of V. A., a white man; *Held*, that the former trial and judgment were no bar to the second prosecution, as the first indictment for murder was legally insufficient to support a conviction for manslaughter. Munford's Case, 39 Miss. 558.

A conviction or acquittal on an invalid indictment is no bar to a second prosecution; and, hence, an acquittal on an indictment for stealing a negro man is no bar to a second prosecution for stealing a negro man *slave*. McGraw's Case, Walk. 208; Kohlheimer's Case, 39 Miss. 548.

It is essential to the defense of prior jeopardy that the former indictment or charge should have been in a court of competent jurisdiction. Montross v. State, 61 Miss. 429.

The plea of former jeopardy being a plea in bar, the same degree of certainty in it is not required as in an indictment or dilatory plea. It need not show former acquittal or conviction, as in the case of *autrefois* acquit or convict. Nor is it necessary to set out the record of the other proceedings. It is sufficient to state the facts constituting the former jeopardy. Helm v. State, 66 Miss. 537; 6 So. 322.

Jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they were so closely connected in point of time

charged in the indictment with having of and to said Adeline Whitfield said: "You are a damned lying bitch."

He pleaded a former conviction in a justice of the peace court of the same offense and the payment of a fine. The affidavit in that case charged that defendant "did then and there call her, the said Adeline Whitfield, a God damn liar and told her he would knock her down." A demurrer to this plea was sustained.

Seal was convicted and sentenced to imprisonment in the county jail for five days and appeals.

that it was almost impossible to separate the evidence relating to them. Teat *v.* State, 53 Miss. 439.

Defense of former conviction must be pleaded specially. Ball *v.* State, 67 Miss. 358; 7 So. 353.

A plea to an indictment averring a former acquittal in a justice court is insufficient if it does not show that the alleged act with which defendant is charged was committed within the territorial jurisdiction of the justice of the peace. Smith *v.* State, 67 Miss. 116; 7 So. 208.

A plea of former conviction to an indictment for gaming is fatally defective if it fails to aver the identity of the offense charged with the former offense. Pope *v.* State, 63 Miss. 53.

Under section 2857, Code 1880, providing that on trials for gaming the State shall not be confined in the proof to a single violation, but under an indictment charging a single offense may give in evidence any other offenses of the same character committed anterior to the day laid in the indictment and not barred, conviction for the particular offense charged in the indictment, and as to which the evidence was confined, does not confer immunity as to all similar offenses committed prior to that time. Pope *v.* State, 63 Miss. 53.

An indictment for unlawfully selling liquors need not allege any particular sale. Protection against subsequent jeopardy for the same offense is secured by requiring the State to elect and confine its evidence to one sale, and by allowing the accused, if again tried on a similar indictment, to show, by extrinsic evidence, acquittal or conviction for that sale. Newman *v.* State, 72 Miss. 124; 16 So. 232.

To avail of a former acquittal of unlawful retailing, the record must be introduced, and by evidence *aliunde* the identity of the offense must be shown. Brown *v.* State, 72 Miss. 95; 16 So. 202.

But members of the grand jury are not competent to testify that the sale sought to be proved by the State is or is not the one inquired of by the grand jury, and on which the indictment was presented. Newman *v.* State, 72 Miss. 124; 16 So. 232.

A former acquittal in a case where the defendant was charged with assault and battery, and the use of "profane language in the presence of a congregation assembled for public worship," is no bar to an indictment for disturb-

APPEALED from Circuit Court, Hancock county, JAMES S. HAMM, Judge.

Affirmed, March 5, 1883.

*Attorneys for appellant, Calhuon & Green.*

*Attorney for State, T. C. Catchings, Attorney-General.*

Brief of Calhuon & Green:

The plea was good. The fact that the words charged as spoken were not identical cannot be material, where the offense is averred to be the same. Proof would have shown the real facts as to this.

ing religious worship by the assault and battery, and by profane swearing. Smith v. State, 67 Miss. 116; 7 So. 208.

A conviction on an indictment charging drunkenness and swearing at a public place, in the presence of two or more persons, is no bar to a subsequent indictment for disturbing religious worship, though at the same time and place, when the evidence shows that the worship was disturbed by other means than being drunk and profane. Ball v. State, 67 Miss. 358; 7 So. 353.

If a person, engaged in a difficulty with two opponents, unlawfully strikes each of them, he is subject to conviction for each assault, and a conviction for one will not bar a conviction for the other. Jones v. State, 66 Miss. 380; 6 So. 231.

And if in such fight a person lawfully strikes at one adversary, but unlawfully strikes another, an acquittal for the assault upon one will not bar a conviction upon a charge of unlawfully assaulting the other. Jones v. State, 66 Miss. 380; 6 So. 231.

Conviction before a justice of the peace of a misdemeanor, without any charge having been preferred, is void, and is no bar to a subsequent prosecution therefor. Bigham v. State, 59 Miss. 529.

An acquittal because of a variance between the allegations of an indictment and the proof is not a bar to a subsequent prosecution for the same offense. Sims v. State, 66 Miss. 33; 5 So. 525.

Where an indictment alleges incestuous intercourse with a daughter, and upon the trial the proof shows her to be a stepdaughter, and for this variance an acquittal is had, a plea to a second indictment charging intercourse with the stepdaughter, which sets up the former acquittal, constitutes no defense. Sims v. State, 66 Miss. 33; 5 So. 525.

Under a municipal charter, and by virtue of an ordinance providing punishment by it for all acts made criminal by the laws of the State, one cannot be prosecuted for being drunk in a public place, this being a crime under the State law, and the defendant having been punished under such law. *Ex parte* Bourgeois, 60 Miss. 663.

If the occasion is the same, but one criminal offense can be predicated of it. It is not allowable to split up one denunciation into two or more slander prosecutions. If a man, in the same breath, be called lair, thief, and scoundrel, this should not support three indictments.

We submit that Mr. Seal cannot be twice punished for inelegancies of expression in the same colloquium, particularly when the matter occurred on the sea coast, amid the material exasperations of mosquitoes, the maddening character of which pests, one of your honors judicially knows, and will require no proof of.

Brief of T. C. Catchings, Attorney-General:

The words as stated in the indictment are: "You are a damned

To an indictment under the general law for gaming, accused cannot plead a former conviction under a municipal ordinance. Johnson v. State, 59 Miss. 543.

In slander, the exact words charged, or synonymous words, must be proved. It is not sufficient that the same general idea is conveyed. Jones v. Edwards, 57 Miss. 28.

A plea of former convictions before a justice is insufficient where it does not show that the offense was committed within the district over which the justice had jurisdiction. State v. Haywood, 21 So. 660.

There is no variance between the language of the declaration in a suit for libel and the language shown by the evidence, when the words are synonymous and convey the same specific idea. Fritz v. Williams, 16 So. 359.

No recovery can be had unless the exact words alleged or synonymous words had been spoken by defendant. Furr v. Speed, 74 Miss. 423; 21 So. 562.

An acquittal of a storekeeper on charge of selling liquor was not a bar to a prosecution for conniving at a sale of liquor in his premises founded on the same facts. Carroll v. State, 80 Miss. 349; 31 So. 742.

It is improper to deny a defendant charged with gambling the right to plead a former conviction, even after the trial has begun, on a plea of not guilty. Howard v. State, 83 Miss. 378; 35 So. 653.

The conviction of a defendant by a justice of the peace of a misdemeanor shall not bar a prosecution for a felony of which the misdemeanor is a constituent; such a conviction for an assault and battery does not bar an indictment for an assault and battery with intent to kill and murder predicated of the same acts. Huffman v. State, 84 Miss. 479; 36 So. 395.

Code 1892, section 1340, providing that the conviction of a defendant by a justice of the peace for a misdemeanor shall not bar a prosecution for a felony in the same matter, is not violative of Constitution 1890, section 22, declaring that a person shall not be twice placed in jeopardy for the same offense. Huffman v. State, 84 Miss. 479; 36 So. 395.

lying bitch." The affidavit before the justice court states that the accused "did then and there call her a God damn liar and told her that he would knock her down."

The indictment would not have been supported by proof of the words set out in the affidavit if there had been a trial. Jones v. Edwards, 57 Miss. 30; Wharton Cr. Law, § 2553.

Nor would an indictment charging the words set out in the affidavit be upheld by proving those described in the indictment in this case. If the accused spoke the words stated in the affidavit and not those in the indictment, he was properly punished by the justice, but judgment in that proceeding cannot be pleaded here. His defense must be that he did not speak the words charged in the indictment; not that he did speak them, but has already been punished for doing so.

If he did speak the words set out in the indictment, and not those in the affidavit, he cannot escape prosecution under the indictment, by reason of the fact that he plead guilty of having spoken words which he, in fact, did not speak.

The demurrer was, therefore, properly sustained to the plea.

OPINION.—CAMPBELL, C. J.:

The plea which was demurred to and held bad presents the question whether the actionable words charged in the indictment and those charged in the affidavit on which the defendant was convicted by a justice of the peace, constitute the same offense, and clearly they do not. They are notoriously variant, so that proof of the one would not sustain an indictment for the other. The plea does not aver that all the words were spoken in one altercation, and that the defendant had been punished for part of them, and thus present the question suggested by counsel, whether a separate prosecution could be maintained for the different parts of the same altercation. The averment of the plea is that the two offenses are the same identical one, but looking to the words given, we find that they are different, and, therefore the plea was bad.

*Judgment affirmed.*